IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ZEBEDEE PUNZEL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PROGRESSIVE HAWAII INSURANCE CORP., *et al.*,<br><br>　　　　Defendants. | Case No. 26-cv-00193-DKW-KJM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff Zebedee Punzel initiated this action in state court against the Progressive Corporation ("Progressive"), various corporate subsidiaries, and Wendy Sommers, claiming that Defendants failed to honor the terms of Punzel's insurance policy and engaged in bad faith, unfair, and deceptive conduct in doing so.  Dkt. No. 1-1.  Defendants removed the action to this Court on diversity grounds, Dkt. No. 1, and Punzel now moves to remand, Dkt. No. 8.

Having reviewed the instant motion, the pleadings, the parties' briefs, the relevant legal authorities, and the record generally, the Court finds that remand is not appropriate.  Accordingly, the motion to remand is DENIED and leave to amend the Complaint is GRANTED, as explained below.

## FACTUAL & PROCEDURAL BACKGROUND

### I.      Complaint

On December 18, 2023, Punzel was struck by a car while riding his bike, suffering a cervical spine-fracture, traumatic brain injury, a ligament tear, and multiple lacerations. Dkt. No. 1-1 ¶¶ 29–30. The driver of the car was underinsured, carrying only $35,000 in liability coverage. *Id*. ¶ 31. At the time of the accident, Punzel was insured by a Progressive policy, which he had purchased in Wisconsin, and which provided $100,000 per person/$300,000 per accident in underinsured-motorist coverage. *Id*. ¶¶ 32. Sommers, a Progressive Senior Claims Specialist who was not licensed in Hawai'i, offered Punzel $65,000, which she claimed was the "policy limits" according to Wisconsin law. *Id*. ¶¶ 34 & 37. Punzel asserts that Hawai'i law applies, requiring Progressive to pay out the entire $100,000 per person policy limit. *Id*. ¶¶ 36–38.

### II.     Procedural History

On November 21, 2025, Punzel initiated this action in Hawai'i state court, asserting claims for (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) unlicensed adjusting and negligence *per se*; (4) unfair or deceptive acts or practices; and (5) and negligent and/or intentional infliction of emotional distress. Dkt. No. 1-1.

The Complaint states that Progressive is a corporation "domiciled" and with its principal place of business in Ohio; it provides no allegations as to the citizenship of Sommers.  Dkt. No. 1-1 ¶¶ 24–25.  In addition to Progressive and Sommers, the Complaint names 13 other corporate Defendants, all of which are subsidiaries or members of Progressive.  *Id*. ¶¶ 11–23.  Of these corporate Defendants, Punzel alleges that 12 are "domiciled" and/or have "principal places of business" in Ohio or Wisconsin, without mention of their state of incorporation.  *Id*.  Punzel alleges that the remaining Defendant, Garden Sun, is "organized under the laws of the State of Hawai'i and authorized to transact insurance business in Hawai'i," but provides no other allegations concerning Garden Sun, its citizenship, or its conduct.  *Id*. ¶ 12.

On April 13, 2026, Defendants removed the action to this Court on the basis of diversity jurisdiction.  Dkt. No. 1.  Defendants allege in their notice of removal that all Defendants but Garden Sun are non-citizens of Hawai'i, and that Garden Sun—a corporation with its principal place of business purportedly in Ohio—had been fraudulently joined.  *Id*. ¶¶ 10–25.

On May 8, 2026, Punzel moved to remand, arguing that Garden Sun is a Hawai'i corporation and, therefore, because Punzel is likewise a Hawai'i citizen, there is no complete diversity of citizenship.  Dkt. No. 8.  In addition, Punzel requests fees and costs incurred to defend Progressive's removal attempt.  Dkt. No. 8-1 at 9.  Defendants oppose the motion, responding that Garden Sun has no relation to this

case other than its status as a Progressive subsidiary and, thus, was fraudulently joined. Dkt. No. 15. Defendants further argue that the Court should deny leave to amend the Complaint. *Id*. at 7–11. As to the fees request, Defendants argue that the Court should deny any fees and costs because Punzel's remand motion fails to comply with Local Rule 7.8. *Id*. at 11 n.6. Punzel replied, arguing that his Complaint adequately alleges Garden Sun's conduct. Dkt. No. 16. Punzel, however, did not address the Rule 7.8 issue or leave to amend.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have had original jurisdiction over the action, and the removal is timely. Pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), this Court has original jurisdiction of all civil actions involving, respectively, (i) federal law and (ii) an amount in controversy in excess of $75,000 and citizens of different States.

"[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Further, a defendant has the burden of establishing that removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

### I.     Local Rule 7.8

As a preliminary matter, Punzel's motion to remand fails to comply with

Local Rule 7.8.  As relevant here, Rule 7.8 provides that:

> Counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential partial or complete resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a motion, counsel for the movant shall include in the motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to LR7.8 which took place on [date]."

Rule 7.8 is intended to "rigorously vet the substance of [] motions" to prevent

unnecessary filings or to at least narrow those that are necessary; compliance with

the Rule is not optional. *Bros. Healthcare, Inc. v. Brian Carter, Inc.*, No. 21-CV-

383 (DKW)(RT), 2022 WL 1046287, at *1 (D. Haw. Apr. 7, 2022) ("Rule 7.8 is not

a formality.  It mandates a thorough discussion of the specific rationales and

reasoning on which the movant intends to rely in a particular motion.").

Here, Defendants state that Punzel has not followed Local Rule 7.8, and

review of the record indeed shows that Punzel has failed to offer any statement of

compliance.  Dkt. No. 15 at 11 n.6.  Further, Punzel had a second opportunity to

assert compliance in his reply brief after the issue was flagged by Defendants—

instead, he failed to even address the issue. *See generally* Dkt. No. 16. Accordingly, the Court agrees with Defendants that Punzel has violated the Local Rule.

Although Defendants only assert that the Court should dismiss Punzel's request for fees and costs for lack of compliance with Local Rule 7.8, Punzel's motion as a whole is non-compliant and could be denied on that ground alone. *See Bros. Healthcare*, 2022 WL 1046287, at *1. The Court will nevertheless address the remaining issue of subject matter jurisdiction raised in the parties' briefs.

## II.     Diversity Jurisdiction

Defendants removed based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Dkt. No. 1 ¶ 35. Punzel argues that this case should be remanded for lack of complete diversity because one of the Defendants, Garden Sun, is a citizen of Hawai'i, as is Punzel. Dkt. No. 8. Defendants counter that Garden Sun was fraudulently joined and thus cannot be used to defeat diversity jurisdiction. Dkt. No. 15. The Court agrees with Defendants.

Fraudulent joinder refers to the inappropriate inclusion of a non-diverse defendant for the purpose of defeating diversity jurisdiction. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Fraudulent joinder does not necessarily involve 'fraud' as the term is commonly understood; rather, '[f]raudulent joinder is a term of art.'" *Brown v. Caterpillar Inc.*, No. 21-CV-01865 (HL), 2022 WL 3219605, at *3 (D. Or. June 29, 2022), *report and recommendation adopted*,

2022 WL 3213057 (D. Or. Aug. 9, 2022) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).  A party seeking to establish fraudulent joinder must, *inter alia*, show the "inability of the plaintiff to establish a cause of action against the non-diverse party" by demonstrating that the non-diverse party "cannot be liable on any theory." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks omitted).

Punzel fails to establish a cause of action against the only non-diverse party identified by either side, Garden Sun.  In fact, the Complaint fails to allege Garden Sun's involvement with Punzel's policy in any way, such as through its marketing, issuance, or claims-processing.  The only mention of Garden Sun within the Complaint is a statement as to its purported state of citizenship; the substantive allegations concern only the actions of Progressive and Sommers.  *See* Dkt. No. 1-1 ¶ 12.

Punzel nonetheless insists that his Complaint adequately alleges a claim against Garden Sun through its assertion that Progressive operated "a network of affiliated entities" which includes Garden Sun.  Dkt. No. 8 at 7.  But the mere existence of a corporate relationship between Progressive and Garden Sun is not enough to state a claim.  *See Kang v. Omni Tech.*, 996 F.2d 1225 (9th Cir. 1993) ("[A] parent-subsidiary relationship, without more, is not enough to support a finding of culpability.").  Were it otherwise, any lawsuit properly pled against

Progressive would likewise be properly pled against any and all Progressive-affiliated companies, including any of its subsidiaries.  Punzel cites no authority for such wide-ranging exposure that would undoubtedly run afoul, without more, of Fed.R.Civ.P. 11(b).  In short, as presently pled, Garden Sun appears to be guilty of nothing more than being a Progressive-affiliated entity, which is not nearly enough to state a claim against it.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because the Court finds that Punzel has failed to establish any claim for relief against Garden Sun, the only non-diverse Defendant, *Grancare*, 889 F.3d at 548, the Court agrees with Defendants that remand due to the absence of complete diversity is unwarranted.

III.   **Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Moreover, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted); *Grancare*, 889

F.3d at 550 (holding, in the fraudulent joinder context, that "the district court must consider whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend").  Although Rule 15 is generally applied with "extreme liberality," the Court may nevertheless deny leave to amend when: (1) it would prejudice an opposing party; (2) it is sought in bad faith; (3) it would produce an undue delay in litigation; (4) it would be futile; or (5) there has been repeated failure to cure a deficiency.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks and citation omitted); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Defendants assert that Punzel should not be afforded leave to assert a claim against Garden Sun.  Dkt. No. 15 at 7–11.  Specifically, Defendants argue that there is "no dispute that [] Sommers handled and adjusted [Punzel's] claim," and that "only one person can be responsible for handling and ultimately denying an insurance claim."  *Id*. at 9.  Because that "one person" was Sommers, who was not employed by Garden Sun, Punzel cannot also claim that Garden Sun was involved, rendering amendment futile.  *Id*.

This argument lacks persuasion for at least two reasons.  First, it focuses on the handling or processing of Punzel's claim without any discussion of the policy's placement or issuance.  As a result, to the extent Punzel's claims are not limited to

how his claim was handled, he may be able to assert Garden Sun's involvement in a manner that he does not at present. He should be given that opportunity. Second, Defendants provide no authority supporting their assertion that "only one person" can possibly be responsible for the improper handling of an insurance claim. Indeed, common sense would indicate that any number of people or entities may potentially be involved in an insurance claim decision on at least some level. Although the Court agrees that Punzel has failed to establish any such involvement by Garden Sun in his Complaint at the moment, that does not mean it would be impossible for Punzel to allege as much if given the opportunity. *See Brown*, 2022 WL 3219605, at *5 ("All that is required is a showing of some possibility that the amendment could cure the deficiencies.").

Accordingly, because Punzel *might* be able to cure the above-noted deficiencies in his Complaint, the Court grants leave to amend. *Grancare*, 889 F.3d at 550. Should Punzel amend, within the limits of Rule 11, to include further allegations concerning the involvement of Garden Sun that are not currently present in the Complaint, he is directed to also include specific facts relevant to determining diversity of citizenship, including Garden Sun's state of incorporation and principal place of business.[1] *See Veeck v. Commodity Enterprises, Inc.,* 487 F.2d 423, 426

---

[1]Punzel's statement of Garden Sun's citizenship as presently pleaded in the Complaint is insufficient. Punzel has alleged only that Garden Sun is "organized" and "authorized to transact insurance business" in Hawai'i. Dkt. No. 1-1 ¶ 12. Such allegations are not enough to allege

(9th Cir. 1973) ("In a diversity case an allegation that a corporation is a citizen of a state is insufficient without an allegation as to the state in which it is incorporated *and* that state in which it has its principal place of business."  (emphasis added)).

## CONCLUSION

For the reasons set forth herein, Punzel's Motion to Remand, Dkt. No. 8, is DENIED.  Punzel's request for fees and costs derived from the removal of this action is also DENIED.  The Court grants Punzel leave to amend his Complaint, consistent with this Order.  Should Punzel wish to amend his pleadings, he must file a standalone First Amended Complaint that does not incorporate or rely on his previous filings no later than July 28, 2026.  IT IS SO ORDERED.

DATED: July 14, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Zebedee Punzel vs. Progressive Hawaii Insurance Corp., et al*; Civil No. 26-00193
DKW-KJM; **ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

---

Garden Sun's citizenship for diversity (or, in this case, non-diversity) purposes.  *See Thymes v. Prime, Inc.*, No. LA CV18-02725 (JAK)(JCx), 2018 WL 5905393, at *3 (C.D. Cal. July 13, 2018) ("That [a corporate defendant) is registered to do business in [a state] does not establish that it is incorporated, or a citizen here."); *Fifty Associates*, 446 F.2d at 1190 ("Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to the jurisdictional purgatory[.]").