IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ZEBEDEE PUNZEL,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE HAWAII INSURANCE CORP., *et al.*,<br><br>Defendants. | Case No. 26-cv-00193-DKW-KJM<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO REMAND** |

Plaintiff Zebedee Punzel initiated this action in the Third Circuit Court of the State of Hawaiʻi against the Progressive Corporation ("Progressive"), various corporate subsidiaries, and Progressive employee Wendy Sommers, claiming that Defendants failed to honor the terms of Punzel's insurance policy and engaged in bad faith, unfair and deceptive conduct, and negligence in doing so. Dkt. No. 1-1. Defendants removed the action to this Court on diversity grounds, arguing that the one non-diverse entity, Garden Sun Insurance Services, Inc. ("Garden Sun"), had been fraudulently joined. Dkt. No. 1. Punzel moved to remand. Dkt. No. 8. The Court found that remand was not appropriate, but did so with leave to amend the Complaint ("Initial Order"). Dkt. No. 17. Punzel filed an amended Complaint ("FAC"), Dkt. No. 18, and now moves again to remand ("Renewed Motion"), Dkt. No. 19.

Having reviewed the Renewed Motion, the pleadings, the parties' briefs, the relevant legal authorities, and the record generally, the Court again finds that remand is not appropriate. Specifically, contrary to Punzel's arguments, the record here establishes that Garden Sun was fraudulently joined and is not a proper defendant. Accordingly, the Renewed Motion is DENIED, as explained below.

## FACTUAL & PROCEDURAL BACKGROUND

### I. Factual Background

On December 18, 2023, Punzel was struck by a car while riding his bike, suffering a cervical spine-fracture, traumatic brain injury, a ligament tear, and multiple lacerations. Dkt. No. 18 ¶¶ 73, 75. The driver of the car was underinsured, carrying only $35,000 in liability coverage. *Id.* ¶¶ 3, 79. At the time of the accident, Punzel was insured by a Progressive policy, which provided $100,000 per person and $300,000 per accident in underinsured-motorist coverage. *Id.* ¶¶ 2, 81. Sommers, a Wisconsin-based Progressive claims adjuster who was not licensed in Hawaiʻi, offered Punzel $65,000, which she characterized as the remaining policy limit, after Punzel received $35,000 from the at-fault driver's insurance. *Id.* ¶¶ 3–4, 60–61, 83–85. Punzel asserts that Hawaiʻi law applies, requiring Progressive to pay out the entire $100,000 per person policy limit. *Id.* ¶ 86.

## II. Procedural History

On November 21, 2025, Punzel initiated this action in the Third Circuit Court of the State of Hawai‘i, asserting state law claims of (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) unlicensed adjusting and negligence *per se*; (4) unfair or deceptive acts or practices; and (5) and negligent and/or intentional infliction of emotional distress. Dkt. No. 1-1.

The FAC states that Progressive is incorporated in Ohio and maintains its principal place of business there. Dkt. No. 18 ¶ 37. It further asserts that Sommers is a citizen and resident of Wisconsin. *Id.* ¶ 38. In addition to Progressive and Sommers, the Complaint names 13 other corporate Defendants, all of which are subsidiaries or members of Progressive. *Id*. ¶¶ 11–38. Of these corporate Defendants, Punzel alleges that 12 are "incorporated under the laws of" and/or have "principal places of business" in Ohio or Wisconsin. *Id*. Punzel alleges that the remaining Defendant, Garden Sun, is "incorporated under the laws of the State of Hawai‘i," *id.* ¶ 14, and is therefore a citizen of Hawai‘i, irrespective of its principal place of business, *id.* ¶¶ 15, 42, which he alleges, in any event, is also Hawai‘i, *id.* ¶¶ 16–19, 55. Punzel further alleges that Garden Sun is a subsidiary of Progressive, *id*. ¶ 21, and that Garden Sun and Progressive Hawai‘i Insurance Corp. share corporate officers, *id*. ¶¶ 22–27.

On April 13, 2026, Defendants removed the action to this Court on the basis of diversity jurisdiction. Dkt. No. 1. Defendants allege in their notice of removal that all Defendants but Garden Sun are non-citizens of Hawai‘i, and that Garden Sun—a corporation with its principal place of business purportedly in Ohio—had been fraudulently joined. *Id*. ¶¶ 10–25.

On May 8, 2026, Punzel moved to remand. Dkt. No. 8. On July 14, 2026, after full briefing, the Court found that remand was not appropriate, and it denied the motion with leave to amend the Complaint. Dkt. No. 17. On July 27, 2026, Punzel filed his FAC. Dkt. No. 18. On August 9, 2026, he filed his Renewed Motion, arguing that Garden Sun is a Hawai‘i corporation and, therefore, because Punzel is likewise a Hawai‘i citizen, there is no complete diversity of citizenship. Dkt. No. 19. Defendants oppose the Renewed Motion, responding that Garden Sun's overlapping officers and status as a Hawai‘i entity have no impact on the dispute and, therefore, Garden Sun remains fraudulently joined. Dkt. No. 24. Punzel replied, arguing that Defendants improperly seek a resolution on the merits and that they cannot prove fraudulent joinder by clear and convincing evidence. Dkt. No. 27. After taking the Renewed Motion under submission without oral argument, Dkt. No. 28, this Order now follows.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), any civil action brought in a state court may be removed to federal court by a defendant provided that the federal court would have had original jurisdiction over the action, and the removal is timely. Pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), this Court has original jurisdiction of all civil actions involving, respectively, (i) federal law; or (ii) an amount in controversy in excess of $75,000 and citizens of different States. Complete diversity means that "the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Further, a defendant has the burden of establishing that removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

**DISCUSSION**

Defendants removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Dkt. No. 1 ¶ 35. Punzel argues that this case should be remanded for lack of complete diversity because one of the Defendants, Garden Sun, is a citizen of Hawai‘i, as is Punzel. Dkt. No. 19. Defendants counter that Garden Sun was fraudulently joined and thus cannot be used to defeat diversity jurisdiction. Dkt.

No. 24. As it did with Punzel's first remand motion, the Court agrees with Defendants.[1]

Fraudulent joinder refers to the inappropriate inclusion of a non-diverse defendant for the purpose of defeating diversity jurisdiction. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A party seeking to establish fraudulent joinder must show, *inter alia*, the "inability of the plaintiff to establish a cause of action against the non-diverse party" by demonstrating that the non-diverse party "cannot be liable on any theory." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citations omitted). When a joinder is fraudulent, "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110 (9th Cir. 2016).

Punzel fails to establish a cause of action against the only non-diverse party identified by either side, Garden Sun. Although the FAC now sufficiently alleges that Garden Sun is a citizen of Hawai‘i, Dkt. No. 18 ¶¶ 15–20, 54–55, that was not the primary infirmity that led the Court to initially deny remand. *See* Dkt. No. 17 at 10–11 n.1. Instead, the core question was, and remains, whether Punzel can state a cause of action against Garden Sun. Based on the present record, he cannot.

---

[1]The Court declines to address the merits arguments the parties have raised because they are unnecessary to decide the Renewed Motion, extending well beyond the jurisdictional question at issue. *See Hunter*, 582 F.3d 1044–45.

Punzel first attempts to make this showing by alleging that Garden Sun and Progressive Hawai‘i Insurance Corp. “share numerous officers and directors.” Dkt. No. 18 ¶¶ 22–27; Dkt. No. 19 at 12–13. But even if, as he argues, the overlap “support[s] a reasonable inference that the entities are not operated independently,” Dkt. No. 19 at 12–13, that does nothing to show that Garden Sun or its officers were involved in handling Punzel’s claim or have any relationship to the issuance of Punzel’s policy. Indeed, Punzel has presented no evidence that Progressive Hawai‘i Insurance Corp., itself, has any relation to Punzel’s claim. And even if he had, as this Court explained in its Initial Order, “the mere existence of a corporate relationship . . . is not enough to state a claim.” Dkt. No. 17.

Punzel’s repeated refrain that “discovery will reveal” Garden Sun’s participation in handling Punzel’s insurance claim likewise does him no favors. *See* Dkt. No. 19 at 1, 3, 8, 12–15. Although Rule 11(b)(3) permits a party to plead matters as to which the party still needs confirming evidence, the litigant must “have *good reason* to believe that a fact is true or false.” Fed. R. Civ. P. 11(b), Advisory Committee’s Note to 1993 Amendment (emphasis added). “Simply guessing or speculating” that Garden Sun may have participated in the claim—which is precisely what Punzel does here—“is not enough” to satisfy the Rule. *See Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374, at *4 (N.D. Cal. Sept. 14, 2009). Were it otherwise, a plaintiff would be permitted to name any parent,

subsidiary, or related entity as a defendant. The Court has already rejected this approach, and Punzel offers nothing materially new to change that ruling. *See* Dkt. No. 17 at 7–8. Should evidence later come to light, indicating that Garden Sun was involved in handling Punzel's claim and somehow damaged him, he may then move to amend his FAC, *see* Fed. R. Civ. P. 15, but no such showing has been made at this time.

Because the Court finds that Punzel has failed to establish any claim for relief against Garden Sun, the only non-diverse Defendant, the Court agrees with Defendants that remand due to the absence of complete diversity is unwarranted.

**CONCLUSION**

For the reasons set forth herein, Punzel's Renewed Motion, Dkt. No. 19, is DENIED. IT IS SO ORDERED.

DATED: October 22, 2026 at Honolulu, Hawai‘i.

Derrick K. Watson
Chief United States District Judge